**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE R. AUSTIN on behalf of herself and all persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DESIGNER BRANDS INC., formerly known as DSW Inc., and Does 1 through 10 inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**Class Action**<br><br>**COMPLAINT FOR**<br>**1. Violation of the Telephone Consumer Protection Act** (47 USC § 227 (b)(1).)<br>**2. Violation of the Telephone Consumer Protection Act** (47 USC § 227 (c).) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

**PARTIES**

1
COMPLAINT

1. Plaintiff NICOLE R. AUSTIN, an individual, brings this action on behalf of herself, and on behalf of a class of similarly situated persons pursuant to Rule 23.  Plaintiff is a citizen of the State of California, a resident of Los Angeles County, and a competent adult.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant DESIGNER BRANDS INC., formerly known as DSW Inc., is now, and at all times mentioned in this Complaint was, a corporation based in Ohio and a citizen of the State of Ohio, which does business in the County of Los Angeles, State of California, and throughout the State of California and United States.

3. Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1 through 10 inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

## **CLASS ALLEGATIONS**

5. Plaintiff is a member of a class of persons, the members of which are similarly situated to each other member of that class. The Class, which will be referred to as the Main Class, is defined as follows:

> All United States residents whose cellular phone received a text message from or on behalf of Defendant, and which text message was sent using an automatic telephone dialing system, and which text message was sent during the past four years

6. Plaintiff is also a member of a subclass of persons, the members of which are similarly situated to each other member of that class. The Subclass, which will be referred to as the DNC Class, is defined as follows:

> All United States residents whose phone number was listed in the National Do Not Call Registry and who subsequently received more than one text message in

any 12-month period of time from or on behalf of Defendant.

7. Plaintiff is informed and believes, and thereupon alleges, that each of the classes Plaintiff represents includes at least 500 persons who were sent such text messages under the foregoing conditions.

8. The identity of the members of the classes is ascertainable from Defendant's own business records or those of its agents.

9. The Plaintiff and class members' claims against Defendant involve questions of law or fact common to all members of each respective class in that the Plaintiff and class members received text messages to their cell phones sent by Defendant or someone acting on behalf of Defendant using an automatic telephone dialing system or to numbers that were listed in the National Do Not Call Registry.

10. The claims of Plaintiff are typical of the claims of the members of the classes.

11. Plaintiff can fairly and adequately represent the interests of the classes.

## FIRST CAUSE OF ACTION FOR VIOLATION OF THE TELEPHONE COMMUNICATION PRIVACY ACT, 47 USC § 227 (B)(1) (BROUGHT AS INDIVIDUAL ACTION AND CLASS ACTION ON BEHALF OF THE MAIN CLASS)

12. Plaintiff incorporates in this cause of action the allegations contained in

paragraphs 1 through 11, inclusive.

13. Defendant is one of North America's largest designers, producers and retailers of footwear and accessories. Defendant operates a portfolio of retail stores in nearly 1,000 locations under the DSW Designer Shoe Warehouse, The Shoe Company, and Shoe Warehouse banners and services footwear departments in the U.S. through its Affiliated Business Group. Defendant operates a storefront website at https://www.dsw.com/en/us/.

14. The Telephone Communication Privacy Act (TCPA), 47 USC § 227 (b) (1) prohibits any person from making a call (or from having someone else make the call on his behalf) using any automatic telephone dialing system (ATDS) to any telephone number assigned to a cellular telephone service.

15. The Supreme Court has ruled that calling a cell phone number to send a text message constitutes as "call" within the meaning of the foregoing provision.

16. 47 USC § 227 (b) (3) provides that any person who receives a call that is in violation of the foregoing provision may bring an action for statutory damages of $500, which may be trebled if the violation was willful or knowing.

17. ATDS is defined to be "equipment which has the capacity—(1) to store

numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically."

18. During the class period, Defendant or someone acting on behalf of Defendant willfully and knowingly used an ATDS to send thousands of text messages to the members of the Main and Subclass, including Plaintiff.

19. On July 15, 2019, Defendant sent a text message to Plaintiff using her cellular phone number offering a 20% discount and free gift if she would click on a link, which leads to Defendant's storefront website. The text message also stated "Reply … STOP to end."

20. She responded to the text message by typing "Stop."

21. She received an immediate response "DSW SMS Alerts: You've been unsubscribed and will receive no further alerts from DSW. Reply HELP or call 866-379-7463 for info. Msg&DataRatesMayApply."

22. Nevertheless, between July 29, 2019 and August 15, 2019, Defendant sent five additional text messages with similar content encouraging Plaintiff to click on a link to Defendant's storefront website.

23. The text messages sent to the class members were similar and often identical in content to those described above.

24. Plaintiff never consented to receive these marketing text messages, nor did any of the class members.

25. As a proximate result of Defendant's violations of the TCPA, pursuant to 47 USC § 227 (b)(3), Plaintiff and each class member is entitled to recover statutory damages of $500. Moreover, since Defendant's violations were willful and knowing, said statutory damages should be trebled.

26. Plaintiff is informed and believes, and thereupon alleges, that Defendant continues to make the prohibited calls to send text messages as set forth above. Therefore, Defendant should be enjoined from doing so pursuant to 47 USC § 227 (b)(3)(A).

## SECOND CAUSE OF ACTION FOR VIOLATION OF THE TELEPHONE COMMUNICATION PRIVACY ACT, 47 USC § 227 (C) (BROUGHT AS INDIVIDUAL ACTION AND CLASS ACTION ON BEHALF OF THE DNC CLASS)

27. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 26, inclusive.

28. Prior to receiving the text messages described above, Plaintiff and the members of the DNC Subclass registered the phone numbers that were called with the National "Do Not Call" Registry.

29. 47 USC § 227 (c) provides that any person who has placed his or her phone number on the Do Not Call Registry and subsequently receives more than one call (which includes a text message) in any 12-month period may bring an action for statutory damages of $500, which may be trebled if the violation was willful or knowing.

30. As a proximate result of Defendant's violations of the TCPA, pursuant to 47 USC § 227 (c), Plaintiff and each class member is entitled to recover statutory damages of $500. Moreover, since Defendant's violations were willful and knowing, said statutory damages should be trebled.

31. Plaintiff is informed and believes, and thereupon alleges, that Defendant continues to make the prohibited calls to send text messages as set forth above. Therefore, Defendant should be enjoined from doing so pursuant to 47 USC § 227 (c)(5)(A).

## **REQUEST FOR JURY TRIAL**

WHEREFORE, Plaintiff requests trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendant as follows:

1. For an order certifying the claims of the classes pursuant to Rule 23 (b)(3);

2. For a declaration of the rights and liabilities of the parties and classes including a declaration that Defendant's conduct was illegal;

3. For preliminary and permanent injunctive relief pursuant to 47 USC § 227 (b)(3)(A) and (c)(5)(A), restraining and enjoining Defendant from continuing the unlawful acts set forth above and requiring Defendant to take any acts needed to prevent further violations;

4. For statutory damages of $500, to be trebled, for each violation on the first cause of action;

5. For statutory damages of $500, to be trebled, for each violation on the second cause of action;

6. For interest on the sum of money awarded as damages;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court may deem proper.

DATED:  September 22, 2019

        Respectfully submitted,

By  *Jeffrey Wilens*
JEFFREY WILENS
Attorney for Plaintiff